1   CURD, GALINDO & SMITH, L.L.P.
    ALEXIS GALINDO, State Bar No. 136643
2       301 East Ocean Boulevard, Suite 1700
        Long Beach, CA 90802
3       Telephone: (562) 624-1177
        Fax: (562) 624-1178
4       E-mail: agalindo@cgsattys.com
    *Attorneys for Plaintiffs*
5
    XAVIER BECERRA, State Bar No. 118517
6   Attorney General of California
    JAY M. GOLDMAN, State Bar No. 168141
7   Supervising Deputy Attorney General
    JENNIFER J. NYGAARD, State Bar No. 229494
8   Deputy Attorney General
        1515 Clay Street, 20th Floor
9       P.O. Box 70550
        Oakland, CA 94612-0550
10      Telephone: (510) 879-0802
        Fax: (510) 622-2270
11      E-mail: Jennifer.Nygaard@doj.ca.gov
    *Attorneys for Defendants*
12  *Adolfson, Diaz, and Seibel*

13                IN THE UNITED STATES DISTRICT COURT

14              FOR THE EASTERN DISTRICT OF CALIFORNIA

15                       SACRAMENTO DIVISION

16

| | |
|---|---|
| 17 **RODNEY CASTRO, Individually and as Co-Successors in Interest, et al.,** | 2:18-cv-02115-KJM-EFB |
| 19                                    Plaintiffs, | **[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER** |
| 20                      **v.** | Judge:          The Honorable Kimberly J. Mueller |
| 21 **STATE OF CALIFORNIA, et al.,** | Trial Date:    Not Scheduled<br>Action Filed:  August 1, 2018 |
| 23                                   Defendants. | |

24  1.    PURPOSES AND LIMITATIONS

25          Disclosure and discovery activity in this action are likely to involve production of

26  confidential, proprietary, or private information, including records of the California Department

27  of Corrections and Rehabilitation ("CDCR") and Deuel Vocational Institution ("DVI") that could

28  threaten the safety and security of individuals, and for which special protection from public

                                        1

disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file confidential information under seal; General Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection and includes confidential information that has not been made immediately available to the general public by the plaintiffs, CDCR, or DVI, and constitutes or discloses information which threatens safety or security of a prison or individual. "Attorneys" shall be limited to the counsel of record in this case and their support staff.

2.3   <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.4   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced, made available for inspection, or generated in disclosures or responses to discovery in this matter.

2.5    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.6    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.7    Counsel of Record:  attorneys who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, as well as their support staff.  No inmate, former inmate, or relative of a Party shall qualify as support staff in this case.

2.8    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

2.9    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.10    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.  Professional Vendors who visit any prison, must comply with the institution's rules and entry procedures, as well as any applicable portions of the Department Operations Manual and the California Code of Regulations.

2.11    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.12    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also:  (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material.  However, the

3

protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and is under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time under applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a

4

Designating Party's attention that information or items that it designated for protection do not

qualify for protection, the Designating Party must promptly notify all other Parties that it is

withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order,

or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

protection under this Order must be clearly so designated before the material is disclosed or

produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but

excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

Party affix the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

contains protected material.  If only a portion or portions of the material on a page qualifies for

protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

appropriate markings in the margins.

A Party or non-party that makes original documents or materials available for inspection

need not designate them for protection until after the inspecting Party has indicated which

material it would like copied and produced.  During the inspection and before the designation, all

of the material made available for inspection shall be deemed "CONFIDENTIAL –

ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

copied and produced, the Producing Party must determine which documents, or portions thereof,

qualify for protection under this Order.  Then, before producing the specified documents, the

Producing Party must affix "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page

that contains Protected Material.  If only a portion or portions of the material on a page qualifies

for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by

making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

Designating Party identify the specific portions of the testimony as to which protection is sought

within 7 business days of a hearing where no court reporter was present, or, in the case of a

proceeding where a court reporter is present, within 7 business days of receipt of the transcript. Only those portions of the testimony that are appropriately designated for protection within the 7 days shall be covered by the provisions of this Stipulated Protective Order.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the item, container, or containers in which the information or item is stored the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

5.3     Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, and the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to

6

1  review the designated material, to reconsider the circumstances, and, if no change in designation
2  is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to
3  the next stage of the challenge process only if it has engaged in this meet-and-confer process first
4  or establishes that the Designating Party is unwilling to participate in the meet-and-confer process
5  in a timely manner.

6        6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court
7  intervention, the Challenging Party may file and serve a motion challenging the designation under
8  Civil Local Rule 251, within 21 days of the initial notice of challenge or within 14 days of the
9  parties agreeing that the meet-and-confer process will not resolve their dispute, whichever is
10  earlier.  Upon such motion, the Designating Party may present the material to the Court for an in
11  camera review to determine whether and to what extent such information must be disclosed.

12  7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

13        7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed
14  or produced by another Party or by a Non-Party in connection with this case only for prosecuting,
15  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only
16  to the categories of persons and under the conditions described in this Order.  When the litigation
17  has been terminated, a Receiving Party must comply with the provisions of section 13 below
18  (FINAL DISPOSITION).

19       Protected Material must be stored and maintained by a Receiving Party at a location and
20  in a secure manner that ensures that access is limited to the persons authorized under this Order.

21        7.2     <u>Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or
22  items</u>.  Counsel for the Receiving Party may not disclose any information or item designated
23  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Plaintiffs, members of Plaintiffs' family,
24  known friends or associates of Plaintiffs, any inmate or parolee, or the public.  Unless otherwise
25  ordered by the Court or permitted in writing by the Designating Party, information or items
26  designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may only be disclosed to:
27       (a)  the Receiving Party's Counsel in this action, as well as employees of the
28  Receiving Party's Counsel said Counsel to whom it is reasonably necessary to disclose the

7

information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.  Staff employed by Counsel will not disclose any item or information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or make copies of any item or information so designated, except as necessary for this litigation.  Counsel is responsible for ensuring that their staff complies with this Order;

(b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  the Court and its personnel;

(d)  court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)  during their depositions, non-inmate or non-parolee witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court, and provided that the witness does not leave any deposition with copies of any Protected Material.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(f)  the recipient of a subpoena to whom disclosure is reasonably necessary for this litigation, if the information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," is reasonably believed to already be in the recipient's possession.  The Party serving the subpoena shall provide the recipient with a copy of this Order, notify the recipient that the information has been designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and provide the recipient with the name of the Designating Party.  The recipient of a subpoena may only disclose the information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the Party serving the subpoena, the Designating Party, or to the Court if filed under seal in accordance with General Local Rule 141.

8.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material labeled "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, including identify the person or persons to whom unauthorized disclosures were made, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

11.  **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in section 10.

12.  **MISCELLANEOUS**

12.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3  <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Any party that seeks to file Protected Material under seal must comply with Local Rule 141, which governs motions for a sealing order.  A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, is required to protect the safety and security of any CDCR institution, employee, and inmate, or otherwise entitled to protection under the law.

12.4  <u>Access to Protected Material by Authorized Government Officials.</u>  Nothing in this Order is intended to prevent officials or employees of the State of California, CDCR, DVI, or other authorized government officials from having access to Protected Material to which they have access in the normal course of their official duties.

13.  <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party for destruction or

11

destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned, or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material, other than the exceptions set forth in section 13(b). Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: June 6, 2019                                      Respectfully submitted,
                                                        /S/ ALEXIS GALINDO

                                                        ALEXIS GALINDO
                                                        *Attorney for Plaintiffs*


Dated: June 6, 2019                                      Respectfully submitted,
                                                        /S/ JENNIFER J. NYGAARD

                                                        JENNIFER J. NYGAARD
                                                        Deputy Attorney General
                                                        *Attorney for Defendants*
                                                        *Adolfson, Diaz, and Seibel*


PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: June 12, 2019

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

12

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Eastern District of

California on _____, 2019 in the case of *Castro, et al. v. State of Calif., et. al.*, No.

2:18-cv-2115 KJM EFB. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order, and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full

address and telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

SF2018401096
91123036.docx